**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5209-17T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JUAN G. JIMENEZ, a/k/a
KING RECKZ,

     Defendant-Appellant.

_____

Submitted October 29, 2019 – Decided December 6, 2019

Before Judges Gilson and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 09-07-0620.

Joseph E. Krakora, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).

Lyndsay V. Ruotolo, Acting Union County Prosecutor, attorney for respondent (Reana Garcia, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Juan G. Jimenez appeals from a June 26, 2018 order denying his petition for post-conviction relief (PCR). On this appeal, defendant raises two arguments that were not presented to the PCR court. We reject both of those arguments because they were not properly preserved and because they lack substantive merit. Accordingly, we affirm.

I.

Following a fifteen-day trial, a jury convicted defendant of first-degree murder, N.J.S.A. 2C:11-3(a)(1) or (2); fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d); and third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d). On the murder conviction, defendant was sentenced to forty-two years in prison, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. Defendant was also sentenced to concurrent prison terms of one and four years on the weapons convictions.

The evidence at trial established that defendant and the victim got into a fight in a parking lot. During the fight, the victim sustained several cuts to his neck and upper body. One of the witnesses testified that he saw a man knife the victim in the neck. Shortly thereafter, the victim died. The medical examiner

opined that the victim's cause of death was multiple incision wounds in the victim's neck and upper extremities.

On direct appeal, we affirmed defendant's convictions. State v. Jimenez, No. A-5633-12 (App. Div. Feb. 16, 2016) (slip op. at 14). We also remanded for resentencing to merge the conviction of possession of a weapon for an unlawful purpose with the murder conviction, and for a restitution hearing. Id. at 12-14. The Supreme Court denied defendant's petition for certification. State v. Jimenez, 224 N.J. 529 (2016).

In January 2017, defendant filed a petition for PCR. He was assigned PCR counsel and counsel filed a brief. Defendant also filed a supplemental brief, in which he raised additional arguments.

Judge Daniel R. Lindemann heard oral argument on May 21, 2018. On June 26, 2018, Judge Lindemann issued a written opinion and order denying defendant's PCR petition without an evidentiary hearing.

In his opinion, Judge Lindemann reviewed all of the multiple arguments raised by defendant and his PCR counsel, including the arguments defendant presented in his supplemental brief. Judge Lindemann then comprehensively reviewed and rejected all of defendant's arguments concerning his trial counsel's alleged ineffective assistance. In that regard, the judge found that defendant had

failed to establish a prima facie showing of ineffective assistance of trial counsel or appellate counsel and defendant was not entitled to an evidentiary hearing.

## II.

As noted, defendant is not challenging any of the rulings on the arguments of ineffective assistance of counsel that he presented to the PCR court. Instead, defendant raises two new arguments. Specifically, on this appeal, defendant contends:

> POINT I – THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE TRIAL COUNSEL WAS PRIMA FACIE INEFFECTIVE FOR "OPENING THE DOOR" TO OUT-OF-COURT IDENTIFICATIONS OF DEFENDANT AS THE PERPETRATOR; ADDITIONALLY, APPELLATE COUNSEL AND PCR COUNSEL WERE PRIMA FACIE INEFFECTIVE FOR NOT PURSUING TRIAL COUNSEL'S ERROR.
>
> POINT II – THIS MATTER MUST BE REMANDED FOR A NEW PCR HEARING FOR COUNSEL TO ADVANCE ALL OF DEFENDANT'S CLAIMS.

We reject defendant's arguments for two reasons.

First, generally, "appellate courts will decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation was available 'unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest.'" Nieder

4

v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) (quoting Reynolds Offset Co., Inc. v. Summer, 58 N.J. Super. 542, 548 (App. Div. 1959)); see also State v. Witt, 223 N.J. 409, 419 (2015) (declining to rule on the lawfulness of a police stop when that issue was not raised at trial); State v. Robinson, 200 N.J. 1, 19-20 (2009). In addition, "appellate courts retain the inherit authority to 'notice plain error not brought to the attention of the trial court[,]' provided it is 'in the interests of justice to do so.'" Robinson, 200 N.J. at 20 (alteration in original) (quoting R. 2:10-2).

Neither of defendant's new arguments goes to the jurisdiction of the PCR court nor do they concern matters of great public interest. Moreover, we discern no plain error. Defendant had the opportunity to raise these arguments before the PCR court, but did not. Indeed, the new argument of opening the door, is apparently based on the rationale of Judge Lindemann in rejecting one of the ineffective assistance of counsel arguments defendant did raise. Consequently, these two new arguments were not properly preserved for appellate review. See Witt, 223 N.J. at 419 (holding that it would be "unfair, and contrary to our established rules," to address new issues raised for the first time on appeal).

5

Second, the new arguments lack substantive merit.  Because this is a PCR petition, and, thus, one of defendant's last opportunities to seek review, we will briefly put those arguments to rest because they lack merit.

A defendant is entitled to an evidentiary hearing on a PCR petition only by establishing a prima facie showing of the grounds for the petition.  R. 3:22-10(b); State v. Rose, 458 N.J. Super. 610, 624 (App. Div. 2019).  To establish a claim of ineffective assistance of counsel, a defendant must satisfy a two-part test:  (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" and (2) "the deficient performance prejudiced the defense."  Strickland v. Washington, 466 U.S. 668, 687 (1984); accord State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland test).

At trial, two witnesses – E.F. and J.F. – identified defendant as the person fighting with the victim.[1]  Both witnesses also stated that they had identified defendant out of court when shown a photo array.  In questioning another witness, defense counsel asked about the photo arrays.  Defendant now argues that the examination by his trial counsel was ineffective assistance because it opened the door to a State rebuttal witness, who testified not only about the

---

[1] We use initials to protect the privacy interests of the witnesses.

photo arrays, but that E.F. and J.F. had identified defendant in those out-of-court photo arrays.

The opening-the-door argument does not satisfy a prima facie showing of ineffective assistance of counsel. Defendant had been identified on direct examination of other witnesses and the decision to question another witness about the photo arrays does not constitute ineffective assistance of counsel. At best, that was a strategic decision. Just as importantly, there is no showing that the testimony from the State's rebuttal witness unduly prejudiced defendant. The rebuttal witness supported the testimony given by E.F and J.F. on direct examination. There is no showing that without the rebuttal witness, the jury would not have accepted the unrebutted testimony that defendant was the person fighting with the victim.

Defendant also argues that PCR counsel was ineffective for failing to advance all of defendant's grounds for PCR. The record simply does not support that argument. Judge Lindemann expressly stated that he considered the arguments of counsel, as well as the supplemental arguments presented by defendant himself. Consequently, defendant has failed to establish that PCR counsel was ineffective or that any alleged ineffectiveness prejudiced defendant.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5209-17T1