**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1861-18T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JASON E. MCKINNON,
a/k/a JASON E. MORRIS,

    Defendant-Appellant.

_____

Submitted May 6, 2020 – Decided July 8, 2020

Before Judges Fisher and Gilson.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 07-09-0124.

Joseph E. Krakora, Public Defender, attorney for appellant (Suzannah Brown, Designated Counsel, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Daniel A. Finkelstein, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

In an order and written opinion dated May 29, 2015, the trial court denied a petition for post-conviction relief (PCR) filed by defendant Jason McKinnon. We affirmed that order but the Supreme Court remanded the matter to the trial court to hold oral argument on defendant's PCR petition. Following oral argument, defendant now appeals from an October 23, 2018 order denying his PCR petition. He contends that he was entitled to an evidentiary hearing concerning his trial counsel's failure to object to a juror. We disagree and affirm.

I.

The charges against defendant arose out of evidence collected during an extensive investigation conducted by the State Police. Following a ten-day trial in 2009, a jury convicted defendant of first-degree racketeering, N.J.S.A. 2C:41-2(c); first-degree leader of a narcotics trafficking network, N.J.S.A. 2C:2-6 and N.J.S.A. 2C:35-3; second-degree possession of a firearm during commission of certain crimes, N.J.S.A. 2C:39-4.1(a); related first- and second-degree possession of cocaine with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and (b)(1) to (2); and second-degree conspiracy to distribute cocaine, N.J.S.A. 2C:5-2. In a second trial conducted by the same jury, defendant was convicted of second-degree certain persons not to have weapons, N.J.S.A. 2C:39-7(b). After granting the State's application for an extended term, defendant was sentenced to an

A-1861-18T4

aggregate term of life in prison plus fifteen years, with thirty years of parole ineligibility.

Defendant filed a direct appeal, but we affirmed his convictions and sentences. State v. Maddox, No. A-1715-09, A-1856-09 (App. Div. July 8, 2013). The Supreme Court denied defendant's petition for certification. State v. McKinnon, 217 N.J. 285 (2014).

In June 2014, defendant filed a petition for PCR. He was assigned counsel and counsel submitted supplemental briefs. On May 29, 2015, defendant and counsel appeared before the PCR court. At the beginning of the proceeding, the PCR judge distributed a forty-eight-page written opinion denying defendant's petition. Counsel reviewed that opinion with defendant and the PCR judge then issued an order denying the petition.

Defendant appealed and we affirmed the denial of his PCR petition. State v. McKinnon, No. A-5751-14, A-0192-15 (App. Div. Nov. 17, 2017). As already noted, the Supreme Court granted defendant's petition for certification and remanded the case to the PCR court for it to hear oral argument on defendant's petition. State v. McKinnon, 233 N.J. 368 (2018).

On October 19, 2018, the same PCR judge heard oral argument on defendant's PCR petition. At that hearing, PCR counsel orally addressed each

of the grounds that had been covered in defendant's initial PCR petition and brief. After hearing oral argument, the PCR judge explained that she did not hear anything new that changed her mind from her earlier ruling. On October 23, 2018, the PCR judge issued an order and written opinion denying defendant's petition for PCR.

## II.

Defendant now appeals from the October 23, 2018 order denying his PCR petition. On appeal he makes one argument:

> THE PCR COURT ERRED IN FAILING TO HOLD AN EVIDENTIARY HEARING ON MR. MCKINNON'S CLAIM THAT TRIAL COUNSEL PROVIDED HIM WITH INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO ENSURE THAT THE JURY WAS FREE FROM THE INFLUENCE OF EXTRANEOUS INFORMATION.

Specifically, defendant contends that his trial counsel was ineffective in failing to object to juror number ten continuing to sit as a juror.

During trial, juror number ten disclosed to the trial judge that one of her friends was the cousin of a woman, Lori Gephart, who was alleged to be part of the narcotics network and who was a potential witness at the trial. As soon as that disclosure took place, the trial judge voir dired juror number ten. The juror explained that she had not discussed her realization with any other member of

A-1861-18T4

the jury. She also explained that she believed she could hear testimony from Gephart and evaluate it impartially. She also stated that she believed she could continue to serve as an impartial and fair juror. After allowing counsel for the State and defendant to ask follow-up questions, the judge determined that juror number ten could continue as a juror. Defendant's trial counsel did not object to that ruling. Ultimately, Gephart did not testify at trial.

In the PCR court's written opinion issued on May 29, 2015, the court extensively analyzed this issue and determined that there was no prima facie showing of ineffective assistance of defendant's trial counsel. After hearing oral argument following the remand, the same PCR judge made the same ruling. Having conducted a de novo review, we affirm the denial of defendant's PCR petition without an evidentiary hearing.

A defendant is entitled to an evidentiary hearing on a PCR petition only by establishing a prima facie showing of the grounds for the petition. R. 3:22-10(b); State v. Rose, 458 N.J. Super. 610, 624 (App. Div. 2019). To establish a claim of ineffective assistance of counsel, a defendant must satisfy a two part test: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466

A-1861-18T4

U.S. 668, 687 (1984); accord State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland test).

Defendant has failed to satisfy either prong of the Strickland test. The voir dire conducted by the trial judge demonstrated that juror number ten was not tainted by what she may have heard from a friend and that she could continue to act as an impartial and fair juror. In that regard, the voir dire established that juror number ten did not know the potential witness, the juror had not discussed the case with anyone else, including other jurors, and that she was confident that she could continue to sit as an impartial juror. Accordingly, defendant made no showing that his trial counsel acted ineffectively in not objecting to juror number ten continuing to sit as a juror. In addition, even if an objection had been made, defendant suffered no prejudice since there were no grounds for excusing juror number ten.

We do want to clarify that we are not persuaded by the State's argument that our prior decision in 2017 constitutes law of the case. After we issued our 2017 decision, the Supreme Court granted defendant's petition for certification and remanded the matter for oral argument. The State argues that the Supreme Court did not vacate our opinion and therefore it remained law of the case. We do not read the Supreme Court's order to support the State's position. There

6

would be no point to remand the matter for oral argument if the PCR court could not reconsider and potentially change its initial ruling. See State v. K.P.S., 221 N.J. 266, 276-77 (2015) (citation omitted) (alteration in original) (holding that the law of the case doctrine is a "discretionary rule that calls on one court to balance the value of judicial deference for the rulings of a coordinate [court] against factors that bear on the pursuit of justice and, particularly, the search for truth").

We also reject defendant's argument that the PCR court only provided perfunctory oral argument on October 19, 2018. A review of the transcript demonstrates that the court gave defendant's PCR counsel all the time that she wanted to present her arguments. The record also reflects that the judge considered those arguments but found that none of them changed her views. That a judge does not change her mind does not mean that she did not listen to and consider the oral arguments. Instead, it demonstrates that the arguments did not persuade the judge.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1861-18T4