**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3540-18T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

GARY MADDOX, a/k/a
GARY FOSTER,

     Defendant-Appellant.

_____

Submitted May 6, 2020 – Decided July 8, 2020

Before Judges Fisher and Gilson.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 07-09-0124.

Kelly Anderson Smith, attorney for appellant.

Gurbir S. Grewal, Attorney General, attorney for respondent (Daniel A. Finkelstein, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

The trial court denied defendant Gary Maddox's post-conviction relief (PCR) petition by order and oral opinion on May 8, 2015. We affirmed, but the Supreme Court remanded the matter to the PCR court to hear oral argument. Following oral argument, the PCR court denied the petition by way of a March 8, 2019 order, and defendant now appeals. We remand for an evidentiary hearing limited to one issue: was trial counsel ineffective in failing to call three witnesses.

I.

Defendant was indicted for first-degree racketeering, N.J.S.A. 2C:41-2; first-degree leader of a narcotics trafficking network, N.J.S.A. 2C:35-3 and 2C:2-6; second-degree conspiracy, N.J.S.A. 2C:5-2; and related drug offenses. Those charges arose out of evidence collected during an extensive investigation conducted by the State Police.

During a ten-day trial in 2009, the State presented evidence that defendant engaged in the sale of various controlled dangerous substances, including cocaine, crystal methamphetamine, painkillers, and marijuana. The State also presented evidence that defendant supervised at least three people as part of a narcotics network: Lori Gephart, his girlfriend; Gerald Foster, his younger brother; and Charles Muldrow, his nephew.

The evidence at trial included testimony from an informant who worked with the State Police. The informant testified concerning numerous controlled buys of narcotics from defendant or his associates. Those buys were observed by the State Police, and officers also testified about those buys and the monitored conversations between the informant and defendant. The State also obtained a warrant to wiretap two of defendant's cell phones and presented recordings of numerous conversations. The transcripts of those telephone conversations included multiple incriminating statements concerning the extent of defendant's drug-selling activities.

In addition, the State presented testimony from Nasar Perez, a drug supplier who was arrested when he traveled to Arizona to obtain five kilograms of cocaine to sell to defendant and co-defendant Jason McKinnon. Moreover, the evidence at trial included testimony by Bennet Goodin and Jonathan Flick, two "runners" who were recruited to distribute drugs for defendant and co-defendant McKinnon.

When the State Police arrested defendant, they executed search warrants of his home and a storage unit. During the searches of defendant's home, the police seized small amounts of cocaine and marijuana, money orders and

A-3540-18T4

receipts totaling $10,000, approximately $3000 in United States currency, and eight vehicles.

After hearing that evidence, a jury convicted defendant of eight crimes: first-degree racketeering, second-degree conspiracy, first-degree leader of a narcotics trafficking network, first-degree distribution of cocaine, N.J.S.A. 2C:35-5(a)(1), 2C:35-5(b)(1), 2C:35-5(c), and 2C:2-6; second-degree distribution of methamphetamine, N.J.S.A. 2C:35-5(a)(1), 2C:35-5(b)(9)(a), 2C:35-5(c), and 2C:2-6; third-degree distribution of cocaine within 1000 feet of school property, N.J.S.A. 2C:35-7 and 2C:2-6; third-degree possession of cocaine, N.J.S.A. 2C:35-10(a)(1) and 2C:2-6; and third-degree money laundering, N.J.S.A. 2C:21-25(a), as a lesser included offense of second-degree money laundering.

At sentencing, the court granted the State's motion for an extended term on the conviction for leader of a narcotics trafficking network, and defendant was sentenced to a term of life in prison with thirty years of parole ineligibility. Defendant was also sentenced to consecutive terms of fifteen and three years in prison on his convictions for racketeering and money laundering. All defendant's other sentences were run concurrent to his sentence to life in prison.

Defendant filed a direct appeal and we affirmed his convictions and sentence. State v. Maddox, No. A-1715-09, A-1856-09 (App. Div. July 8, 2013). In affirming his convictions, we reviewed, analyzed, and rejected ten arguments he raised. We also detailed the evidence presented against defendant and pointed out that that evidence was "overwhelming." The Supreme Court denied defendant's petition for certification. State v. McKinnon, 217 N.J. 285 (2014).

In June 2014, defendant filed a petition for PCR. He was assigned counsel and, with the assistance of counsel, he prepared an amended petition and submitted various certifications.

On March 20 and April 24, 2015, the PCR judge heard argument on defendant's petition. On April 24 and May 8, 2015, the judge read an oral opinion into the record and issued an order denying defendant's petition. In her opinion, the judge detailed the multiple arguments presented by defendant's PCR counsel, as well as defendant himself, analyzed those arguments, and rejected them.

As noted earlier, we affirmed the denial of defendant's petition substantially for the reasons expressed by the PCR judge in her opinion. State v. McKinnon, No. A-5751-14, A-0192-15 (App. Div. Nov. 17, 2017).

As also already noted, the Supreme Court granted defendant's petition for certification and remanded the case to the PCR court for oral argument. In that same order, the Supreme Court granted certification to co-defendant McKinnon and remanded for oral argument on McKinnon's PCR petition. State v. McKinnon, 233 N.J. 368 (2018).

On March 1, 2019, the same PCR judge heard oral argument on defendant's petition. Defendant's PCR counsel referenced a number of alleged grounds for ineffective assistance of trial and prior appellate counsel but focused his arguments on defendant's right to an evidentiary hearing on the contention that trial counsel was ineffective in not calling three witnesses. In support of that argument, defendant contended that he had submitted certifications and signed statements from Gephart, Foster, and Muldrow. Each of those individuals contended that they had never worked for defendant; rather, they had independently sold drugs for their own benefit.

After considering the oral arguments, the PCR judge denied defendant's petition in an order entered on March 8, 2019. The court also issued a written opinion explaining that none of the arguments presented orally changed her view and she, therefore, relied on and incorporated by reference her extensive oral opinion issued in April and May 2015.

II.

Defendant now appeals from the March 8, 2019 order denying his petition. On appeal, defendant contends: "THE PCR COURT ERRED IN DENYING AN EVIDENTIARY HEARING." More specifically, defendant makes two arguments. First, he contends that he was entitled to an evidentiary hearing on trial counsel's failure to call Gephart, Foster, and Muldrow as witnesses at trial. Second, he contends that he was entitled to an evidentiary hearing on trial counsel's failure to object to juror number ten continuing to sit as a juror. We are not persuaded by the argument concerning the juror, but we hold that defendant has presented enough information to warrant an evidentiary hearing on his contention that trial counsel was ineffective in failing to call three witnesses. We will briefly analyze both of those issues. Before doing so, we will address the State's argument that our decision in 2017 constitutes law of the case.

A.    Our 2017 Decision

The State argues that our prior decision denying defendant's PCR petition is law of the case. We reject that argument. After our decision in 2017 was issued, the Supreme Court granted defendant's petition for certification and remanded the matter for oral argument. The State argues that the Supreme Court

did not vacate our opinion and, therefore, it remains law of the case. We do not read the Supreme Court's order to support the State's position.

There would be no point to remand the matter for oral argument if the PCR court could not reconsider and potentially change its initial ruling. Similarly, we are not bound by our 2017 decision because otherwise defendant's right to appeal would be meaningless. See State v. K.P.S., 221 N.J. 266, 276-77 (2015) (citation omitted) (alteration in original) (holding that the law of the case doctrine is a "discretionary rule that calls on one court to balance the value of judicial deference for the rulings of a coordinate [court] against factors that bear on the pursuit of justice and, particularly, the search for truth"). Indeed, as demonstrated by our remand, we have come to a different view.

Understandably, the PCR judge relied on our prior affirmance to support her decision denying defendant's petition after hearing oral argument in 2019. Defendant had made arguments for an evidentiary hearing in 2015 and he had even submitted certifications from Gephart, Foster, and Muldrow. In 2015, however, defendant made numerous other arguments and he did not focus his arguments on the need for an evidentiary hearing concerning the three potential witnesses. As we will discuss, we now see that issue differently. That refocusing illustrates the benefit of oral arguments on PCR petitions because, as

8

our Supreme Court has noted, such petitions are a defendant's last opportunity for review in a system that strives for justice but is not infallible. See State v. Nash, 212 N.J. 518, 540 (2013) (quoting State v. Feaster, 184 N.J. 235, 249 (2005)).

B.    The Juror

During trial, juror number ten disclosed to the trial judge that one of her friends was the cousin of Gephart, who was alleged to be part of the narcotics network and who was a potential witness at the trial. As soon as that disclosure occurred, the trial judge voir dired juror number ten. The juror explained that she had not discussed her realization with any other member of the jury. She also explained she could hear the anticipated testimony from Gephart and evaluate it impartially. Furthermore, she stated that she believed she could continue to serve as an impartial and fair juror. After allowing counsel to ask follow-up questions, the judge determined that juror number ten could continue as a juror. Defendant's trial counsel did not object to that ruling. Nor did the trial counsel representing co-defendant McKinnon object. Ultimately, Gephart did not testify at trial.

In the 2015 opinion, the PCR judge extensively analyzed this issue and determined that there was no prima facie showing of ineffective assistance of

defendant's trial counsel for failing to object to juror number ten. After hearing oral argument following the remand, the same judge made the same ruling. Having conducted a de novo review, we agree and affirm the denial of defendant's petition to the extent it relies on an argument concerning the failure to object to juror number ten continuing on the jury.

C.    The Failure to Call Three Witnesses

A defendant is entitled to an evidentiary hearing on a PCR petition only by establishing a prima facie showing of the grounds for the petition. R. 3:22-10(b); State v. Rose, 458 N.J. Super. 610, 624 (App. Div. 2019). To establish a claim of ineffective assistance of counsel, a defendant must satisfy a two part test: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984); accord State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland test).

In 2014, in support of his petition, defendant submitted a report from an investigator. The investigator had interviewed Gephart, Foster, and Muldrow. The investigator summarized his conversations with each of those individuals and reported that each was prepared to testify, that they had been available to

A-3540-18T4

testify at trial, had not been called as witnesses, but, if called, would have testified that they never sold drugs for or worked at the direction of defendant. Gephart, Foster, and Muldrow also signed statements certifying what they had told the investigator. In addition, Muldrow signed an affidavit and Foster and Gephart signed notarized letters.

The PCR judge reasoned that those certifications were incredible given the relationship that each of those witnesses had to defendant and given the overwhelming contrary evidence that had been presented at trial. We are constrained to conclude that such a finding can only be made at an evidentiary hearing. There may be reasons to question their credibility, but the ultimate determination on their credibility must await the judge's consideration of their live testimony. State v. Porter, 216 N.J. 343, 347 (2013) (quoting State v. Pyatt, 316 N.J. Super. 46, 51 (App. Div. 1998)) ("Assessment of credibility is the kind of determination 'best made through an evidentiary proceeding with all its explorative benefits, including the truth-revealing power which the opportunity to cross-examine bestows.'"); State v. L.G.-M, 462 N.J. Super. 357, 367 (App. Div. 2020).

The State argues that trial counsel had a good strategic reason for not calling any of these three witnesses. The record before us, however, does not

include evidence that defendant's trial counsel made such a strategic decision. It is easy enough to present such evidence at an evidentiary hearing by calling defense counsel and hearing his testimony. We do agree with the State that, if defense counsel credibly testifies that he made a reasonable strategic decision not to call any of these three witnesses, defendant would not be able to establish that his counsel had been ineffective. In that regard, the law is well established that trial counsel's reasonable strategic decisions cannot be grounds for granting PCR. Nash, 212 N.J. at 542-43 (citing Strickland, 466 U.S. at 687); State v. Hooper, 459 N.J. Super. 157, 176 (App. Div. 2019) (citations omitted).

The PCR judge also found that defendant failed to establish the second prong of the Strickland test – the prejudice prong. Without an evidentiary hearing and an understanding of the significance and weight of what the three witnesses might have contributed, consideration of the second prong of the Strickland test was premature.

In summary, we remand for a limited evidentiary hearing. The only issue that warrants an evidentiary hearing is defendant's contention that his trial counsel was ineffective in failing to call Gephart, Foster, and Muldrow. The evidentiary hearing need not be an extensive hearing. If trial counsel testifies he made a strategic decision – and that decision is shown to be reasonable – that

may be all that is necessary. In addition, it would not be difficult to hear the testimony of Gephart, Foster, or Muldrow and assess their credibility and whether such testimony supports a claim of ineffective assistance of counsel.

Finally, we want to clarify that defendant has raised numerous arguments concerning ineffective assistance of trial and appellate counsel. A de novo review of the record establishes that he has failed to make a prima facie showing on any grounds other than the alleged failure to call the three witnesses.

Affirmed in part, reversed in part, and remanded for an evidentiary hearing. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

13 A-3540-18T4