**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0039-19T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JEVON ROBINSON, a/ka
JEVON COLEMAN-ROBINSON

    Defendant-Appellant.

_____

Submitted October 14, 2020 – Decided November 25, 2020

Before Judges Gilson and Moynihan.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Accusation No. 14-03-0778.

Joseph E. Krakora, Public Defender, attorney for appellant (Karen A. Lodeserto, Designated Counsel, on the brief).

Jill S. Mayer, Acting Camden County Prosecutor, attorney for respondent (Linda A. Shashou, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from a February 22, 2019 order denying his petition for post-conviction relief (PCR) following oral argument, but without an evidentiary hearing. We affirm because defendant did not establish a prima facie showing of ineffective assistance of counsel.

I.

On March 18, 2014, defendant waived prosecution as a juvenile and agreed to be prosecuted as an adult. That same day, he pled guilty to first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a), and second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1).

In pleading guilty defendant admitted that, when he was sixteen years old, he and three co-defendants formed a plan to rob marijuana from someone. They set up a meeting to buy marijuana from L.O., who defendant did not know.[1] Defendant, armed with a handgun, drove a car with his three co-defendants to the meeting. When defendant met with L.O., L.O. apparently concluded that defendant and his companions did not intend to buy the marijuana and he began to walk away. Defendant pulled out the handgun, shot and killed L.O. As defendant was shooting at L.O., one of his co-defendants tried to stop him by

---

[1] We use initials for the victim to protect his family's privacy interests.

A-0039-19T1

taking the gun away. In the ensuing struggle, defendant hit the co-defendant on the head with the handgun.

In the plea agreement, the State recommended that on the charge of aggravated manslaughter, defendant be sentenced to twenty-three years in prison subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. The State also recommended that defendant be sentenced to a concurrent prison term of ten years on the aggravated assault charge.

During the plea hearing, defendant, under oath, acknowledged that he was satisfied with his counsel and that his counsel had reviewed the charges with him. The court also reviewed the recommended sentence with defendant. He acknowledged he was aware of the recommendations and that those recommendations were significantly less than the maximum sentence exposure for first- and second-degree crimes. Furthermore, defendant acknowledged that his parents, who were in court when defendant pled guilty, had participated in his decision to plead guilty.

Thereafter, in accordance with his plea agreement, defendant was sentenced to twenty-three years in prison with parole ineligibility and conditions as prescribed by NERA on the first-degree manslaughter conviction. Defendant

A-0039-19T1

was also sentenced to a concurrent term of ten years in prison on the second-degree aggravated assault conviction.

Defendant did not file a direct appeal. Instead, in March 2018, defendant filed a petition for PCR, contending that his counsel had been ineffective in providing assistance. He was assigned PCR counsel, who submitted supplemental papers on his behalf.

On February 22, 2019, the same judge who had taken defendant's plea and sentenced defendant heard oral arguments on the PCR petition. That same day, the court issued an order denying the petition and explained the reasons for the denial on the record.

The PCR court found that defendant's petition was procedurally barred because it was effectively an excessive sentencing argument that should have been raised on direct appeal. The PCR court also found that defendant had failed to satisfy either prong of the Strickland[2] test needed to show ineffective assistance of counsel. In making that finding, the court noted that at sentencing defendant's counsel had discussed defendant's young age and the court had considered defendant's age and history.

---

[2] Strickland v. Washington, 466 U.S. 668, 687 (1984).

4

## II.

On appeal, defendant focuses his one argument on his sentence. He contends:

> THE PCR COURT ERRED IN DENYING DEFENDANT AN EVIDENTIARY HEARING AS TESTIMONY IS NEEDED REGARDING COUNSEL'S FAILURE TO DESCRIBE TO THE SENTENCING COURT THE STRUGGLES AND CHALLENGES MR. ROBINSON FACED THROUGH HIS CHILDHOOD, WHICH WOULD HAVE WARRANTED A LESSER SENTENCE.

Having conducted a de novo review, we do not agree with the PCR court that defendant's petition was procedurally barred. Defendant contends that his trial counsel was ineffective in making arguments at sentencing. That is not an excessive sentencing argument; rather, it is an ineffective assistance argument that is appropriately addressed in a PCR petition. See State v. Armour, 446 N.J. Super. 295, 317 (App. Div. 2016) (finding defendant's ineffective assistance claim "better suited for a PCR petition"). We do, however, agree with the PCR court that defendant failed to establish a prima facie showing of ineffective assistance of counsel and, therefore, the petition was properly denied without an evidentiary hearing.

A defendant is entitled to an evidentiary hearing on a PCR petition only if he or she establishes a prima facie showing in support of the petition, "there

5

are 'material issues of disputed fact that cannot be resolved by reference to the existing record,' and a 'hearing is necessary to resolve the claims for relief.'" State v. Rose, 458 N.J. Super. 610, 624 (App. Div. 2019) (quoting R. 3:22-10). To establish a claim of ineffective assistance of counsel, defendant must satisfy a two-part test:   (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" and (2) "the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687; accord State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland test).  Moreover, defendant must make those showings by presenting more than "bald assertions" that he or she was denied the effective assistance of counsel.  State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

At his sentencing, defendant's counsel  emphasized defendant's young age at the time he committed the crime and argued that the court should impose a sentence lower than the sentence recommended by the State.  The sentencing court was well-aware of defendant's age.  The court then found aggravating factors three and nine, N.J.S.A. 2C:44-1(a)(3) and (9), and mitigating factors six and twelve, N.J.S.A. 2C:44-1(b)(6) and (12).  The court also found that the

aggravating factors substantially outweighed the mitigating factors and accepted the State's sentencing recommendation.

The record demonstrates that defendant's counsel was not ineffective in dealing with or presenting arguments concerning defendant's youth at the time of the crime. Instead, the record demonstrates that counsel used defendant's young age to help negotiate a favorable plea. Had defendant been found guilty of first-degree murder, he could have been sentenced to over thirty years of imprisonment with thirty years of parole ineligibility. If he had been convicted of second-degree aggravated assault, that sentence could have been imposed consecutively because it involved a different victim.

The record also amply demonstrates that even if counsel had raised arguments about defendant's hardships during his childhood, there is no showing that such arguments would have resulted in a lower sentence. The PCR judge, who was both the plea judge and sentencing judge, found that the arguments defendant now seeks to present would not have changed her views.

We also reject defendant's argument that he was entitled to an evidentiary hearing based on the cases of Miller v. Alabama, 567 U.S. 460 (2012) and State v. Zuber, 227 N.J. 422 (2017). In sentencing juveniles, special considerations must be evaluated when the juvenile is sentenced to life in prison or lengthy

A-0039-19T1

overall terms of imprisonment.  Miller, 567 U.S. at 473-74, 476-80; Zuber, 227 N.J. at 429.  The United States Supreme Court has held that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders."  Miller, 567 U.S. at 479.  In Miller, the Supreme Court did not "foreclose" life without parole for juveniles convicted of murder, but it did require sentencing judges "to take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison."  Id. at 480.  Thus, the Supreme Court identified five factors (the Miller factors) that sentencing judges should consider in sentencing juveniles to life in prison without the possibility of parole.  Id. at 477-78.

Our Supreme Court has adopted the Miller factors and has held that those factors must be considered in sentencing juveniles to sentences "that are the practical equivalent of life without parole[.]"  Zuber, 227 N.J. at 429.  Accordingly, the Miller factors must be considered when "a judge imposes consecutive terms that would result in a lengthy overall term of imprisonment for a juvenile[.]"  Ibid.

Here, defendant was not sentenced to life in prison or a lengthy overall term of imprisonment that would trigger the sentencing considerations required by Miller and Zuber.  Defendant was seventeen years old when he was sentenced to twenty-three years in prison with eighty-five percent of that time ineligible

A-0039-19T1

for parole.  Accordingly, defendant is likely to serve less than twenty years in prison for aggravated manslaughter.  He therefore will likely be released before he is forty years of age.  Such a sentence is not an overly lengthy term of imprisonment, given the crimes that defendant admittedly committed.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9

A-0039-19T1