**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3279-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DARYEL L. RAWLS,

    Defendant-Appellant.

_____

Submitted September 29, 2025 – Decided October 29, 2025

Before Judges Natali and Walcott-Henderson.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Indictment No. 11-06-1109.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Frank M. Gennaro, Designated Counsel, on the brief).

Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Samuel Marzarella, Chief Appellate Attorney, of counsel; Shiraz Deen, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant appeals from the court's March 6, 2024 denial of his petition for post-conviction relief ("PCR") based on ineffective assistance of trial and appellate counsel, without an evidentiary hearing. Defendant argues the PCR court erred by: (1) improperly invoking the <u>Rule</u> 3:22-5 procedural bar, finding his claims were previously adjudicated; (2) rejecting his claim he was prejudiced by trial counsel's failure to object to the court's evidentiary rulings, resulting in the review of his direct appeal claims under the plain error standard; (3) overlooking trial counsel's ineffectiveness in failing to retain an expert witness on coded drug language to rebut the testimony of the State's detective; (4) rejecting his claim appellate counsel rendered ineffective assistance by failing to challenge trial counsel's fitness based on counsel's stated mental and physical limitations; and (5) denying his claims without an evidentiary hearing. We affirm in part and remand in part.

I.

Following his indictment on various controlled dangerous substance ("CDS") related offenses, defendant fled the State prior to trial after he was erroneously released from State prison.[1] Defendant was tried in absentia and

---

[1] Defendant had been in custody at Bayside Prison on a separate indictment and had maxed out his sentence. He was released from custody in error despite the State's detainer on these first and second-degree charges.

convicted of a first-degree leader of a narcotics trafficking network, N.J.S.A. 2C:35-3, second-degree possession of cocaine with the intent to distribute, N.J.S.A. 2C:35-5(a)(1) and 2C:35-5(b)(2), and second-degree possession of heroin with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and 2C:35-5(b)(2). The court sentenced him to life in prison on the first-degree conviction with a twenty-five-year period of parole disqualification under the No Early Release Act ("NERA"), N.J.S.A. 2C:43-7.2, and a ten-year term with five years of parole ineligibility under NERA on each of the remaining charges to be served consecutive to his life sentence.

On direct appeal, defendant argued the trial court committed plain error by: allowing the alleged trafficking network to be proven by investigative hearsay; admitting Detective Casey Long's expert opinion regarding the coded language (the Supreme alphabet and mathematics) used by himself and his co-conspirators; admitting out of court statements of non-testifying co-defendants; and permitting the "kingpin" jury instructions which were confusing. We further addressed defendant's argument that the sentence imposed was excessive and constituted an abuse of discretion.

We affirmed defendant's conviction and remanded for clarification on the consecutive sentences imposed. State v. Rawls, No. A-4838-18 (App. Div. Feb.

3

2, 2023).  Defendant then sought certification from our Supreme Court, which was denied on May 16, 2023.  See State v. Rawls, 254 N.J. 66 (2023).  On October 16, 2023, defendant was resentenced and his consecutive sentences were amended to be concurrent, resulting in an aggregate sentence of life imprisonment with a twenty-five-year period of parole ineligibility.

Defendant next filed a pro se PCR petition, arguing ineffective assistance of trial counsel.  The State argued the petition was procedurally barred, as it contended the issues raised had previously been adjudicated on the merits in defendant's direct appeal.

On March 11, 2024, pursuant to a joint motion, defendant was resentenced with the State's consent, to life in prison with a twenty-year period of parole ineligibility pursuant to NERA.  His overall term of imprisonment remained the same.

The PCR court issued a written opinion denying defendant's petition.  The court summarized the pertinent facts from our prior opinion affirming defendant's conviction, including the circumstances surrounding defendant's arrest, indictment, and rejection of the plea offer.  The court discussed defendant's stated intent to proceed to trial and the trial court's verbal and written notice of trial dates and his subsequent erroneous release from prison.  The court

also discussed trial counsel's application to be relieved as counsel based on defendant's nonappearance and counsel's health issues and the reasons the motion was denied.

The PCR court next addressed defendant's substantive arguments, referencing our prior opinion. Specifically, the PCR court addressed defendant's claim counsel failed to object to the admission of testimony from Detectives Long and Anthony Sgro on whether defendant was a kingpin, which he argued constituted inadmissible hearsay evidence; the use of the chart illustrating defendant's connection to the drug network; and whether the jury instructions constituted plain error.

The PCR court concluded, "[p]ursuant to R[ule] 3:22-5, 'prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding.'" Relying on State v. McQuaid, 147 N.J. 464, 484 (1997), the PCR court stated, "PCR is not intended to be another avenue for a defendant to submit the same arguments already asserted on direct appeal." The PCR court further noted that "[defendant] concedes that the substantive issues 'parallel' the matters previously raised before [us]" while denying that his present arguments on PCR are substantially equivalent to those previous claims.

5

The PCR court further rejected defendant's substantive arguments that had trial counsel objected to the admission of challenged testimony, evidence and jury instructions, we would have reviewed his appeal under the harmless error rather than plain error standard. In addressing this point, the PCR court concluded, defendant "does not assert any new errors by the trial court that were not already reviewed on direct appeal. . . . [Defendant] now seeks to reassert these claims under the argument that trial counsel was ineffective by failing to object to these admissions, maintaining that he had done so, the standard of [a]ppellate review on the issues would have been harmless error rather than plain error." The PCR court found this argument unavailing "because the outcome would have been the same regardless of whether the defendant objected at trial . . ., the application of the plain error standard on direct appeal rather than the harmless error standard did not result in any prejudice to the [defendant]."

The PCR court further explained:

> [U]nder the plain error standard used on direct appeal, [defendant] bore the burden of demonstrating the alleged error was "clearly capable of producing an unjust result." . . . In reviewing each of the alleged errors on direct appeal, [we] previously determined that the alleged errors of trial counsel raised in the present PCR petition were not "clearly capable of producing an unjust result" based upon the strong evidence against the [defendant]. As a result, none of these alleged errors, even if they are found to be errors, can now be

6

found on the current PCR petition to satisfy the second prong of Strickland that they deprived the defendant of a fair trial a trial whose result is reliable.

The PCR court concluded the issues raised in defendant's PCR implicate the same substantive claims of trial court error previously raised and rejected on direct appeal. "[T]hese challenged admissions of evidence, testimony, and jury instructions were not 'clearly capable of producing an unjust result' and [defendant] suffered no prejudice" from the admission of the challenged evidence to prevail under the second prong of Strickland v. Washington, 466 U.S. 668 (1984).

Before us, defendant argues:

I. DEFENDANT DEMONSTRATED PRIMA FACIE CLAIMS FOR POST-CONVICTION RELIEF, ENTITLING HIM TO AN EVIDENTIARY HEARING ON HIS POST-CONVICTION RELIEF CLAIMS.

A. PREVAILING LEGAL PRINCIPLES REGARDING CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL AND PETITIONS FOR POST-CONVICTION RELIEF.

B. THE PCR COURT IMPROPERLY INVOKED THE PROCEDURAL BAR OF R. 3:22-5.

C. THE PCR COURT IMPROPERLY REJECTED DEFENDANT'S CLAIM THAT HE WAS PREJUDICED BY TRIAL COUNSEL'S FAILURES TO OBJECT, WHICH RESULTED IN THE REVIEW

7

OF HIS DIRECT APPEAL CLAIMS UNDER THE PLAIN ERROR STANDARD.

D. APPELLATE COUNSEL'S FAILURE TO RAISE THE ISSUE OF TRIAL COUNSEL'S FITNESS TO REPRESENT DEFENDANT CONSTITUTED INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL.

E. TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO RETAIN AN EXPERT WITNESS ON CODED DRUG LANGUAGE TO REBUT THE TESTIMONY OF THE STATE'S EXPERT.

II.

We review the legal conclusions of a PCR court de novo. State v. Harris, 181 N.J. 391, 419 (2004). The de novo standard of review also applies to mixed questions of fact and law. Id. at 420. We may "conduct a de novo review" of the court's "factual findings and legal conclusions" where the PCR court has not conducted an evidentiary hearing. Id. at 421; see also State v. Lawrence, 463 N.J. Super. 518, 522 (App. Div. 2020).

When petitioning for PCR, a defendant must establish entitlement to "'PCR by a preponderance of the evidence,'" meaning that it is rooted in a cognizable claim. State v. Vanness, 474 N.J. Super. 609, 624 (App. Div. 2023) (quoting State v. O'Donnell, 435 N.J. Super. 351, 370 (App. Div. 2014)). "A PCR petition is cognizable if it is based upon a '[s]ubstantial denial in the

8

conviction proceedings of defendant's rights under the Constitution of the United States or the Constitution or laws of the State of New Jersey.'" State v. Gideon, 244 N.J. 538, 549 (2021) (alterations in original) (quoting Rule 3:22-2(a)). "The court shall not bar a defendant's claim in a first PCR proceeding if it 'would result in fundamental injustice.'" State v. Rose, 458 N.J. Super. 610, 625 (App. Div. 2019) (quoting R. 3:22-4(a)(2)). The court also shall not bar a defendant's first PCR claim where "'the ground for relief not previously[-]asserted could not reasonably have been raised in any prior proceeding.'" State v. Reevey, 417 N.J. Super. 134, 147 (App. Div. 2010) (quoting Rule 3:22-4(a)(1)).

In our analysis of an order denying a PCR petition asserting ineffective assistance of counsel, we apply the two-part standard established in Strickland, to determine whether a defendant has been deprived of the effective assistance of counsel. 466 U.S. at 687. To satisfy the standard's first prong, a petitioner must show counsel's performance was deficient by demonstrating counsel's handling of the matter "fell below an objective standard of reasonableness" and that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed [to] the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687-88.

Under the "second, and far more difficult prong" of the Strickland standard, State v. Gideon, 244 N.J. 538, 550 (2021) (quoting State v. Preciose, 129 N.J. 451, 463 (1992)), a defendant "'must show that the deficient performance prejudiced the defense[,]'" State v. O'Neil, 219 N.J. 598, 611 (2014) (quoting Strickland, 466 U.S. at 687). That is, "'[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Gideon, 244 N.J. at 550-51 (alteration in original) (quoting Strickland, 466 U.S. at 694). Proof of prejudice under Strickland's second prong "'is an exacting standard.'" Id. at 551 (quoting State v. Allegro, 193 N.J. 352, 367 (2008)). A defendant seeking PCR "must 'affirmatively prove prejudice'" to satisfy the second prong of the Strickland standard. Ibid. (quoting Strickland, 466 U.S. at 693).

To prevail on a claim of ineffective assistance of counsel, a defendant must establish both prongs of the Strickland standard. Strickland, 466 U.S. at 687; see also State v. Nash, 212 N.J. 518, 542 (2013). A failure to satisfy either prong requires the denial of a PCR petition founded on an ineffective assistance of counsel claim. Strickland, 466 U.S. at 700. "With respect to both prongs of

10

the <u>Strickland</u> test, a defendant asserting ineffective assistance of counsel on PCR bears the burden of proving his or her right to relief by a preponderance of the evidence." <u>State v. Gaitan</u>, 209 N.J. 339, 350 (2012) (citations omitted).

We reject defendant's contentions in Point I.C and are persuaded by the PCR court's overall conclusion that defendant failed to establish <u>Strickland</u>'s "second, and far more difficult prong," as he has failed to establish he was prejudiced by counsel's alleged deficient performance. <u>Gideon</u>, 244 N.J. at 550 (quoting <u>Preciose</u>, 129 N.J. at 463). Having failed to establish a prima facie case of ineffective assistance, defendant is not entitled to an evidentiary hearing on these claims. <u>See</u> <u>Preciose</u>, 129 N.J. at 463. We remand, however, with regard to defendant's arguments in Points I.D and I.E for <u>Rule</u> 1:7-4 findings of fact and conclusions of law.

On direct appeal, we held Detective Sgro's testimony about other participants in the trafficking network did not constitute reversible error, as any arguable hearsay concerns were harmless in light of the substantial admissible evidence supporting defendant's convictions, including wiretapped communications, physical evidence from his home and car, and testimony from four former co-defendants. We further held the challenged chart was not admitted and not provided to the jury during deliberations, and the court gave

11

an appropriate limiting instruction. And, we also concluded the recorded conversations were properly admitted as co-conspirator statements. In regard to defendant's claim of improper jury instructions, we held the kingpin jury instructions were clear, preserved unanimity, and warranted no relief.

With respect to defendant's argument trial counsel's failure to object to the court's evidentiary ruling is indicative of his constitutionally deficient performance, the court properly noted that even if it had reached defendant's substantive arguments, defendant cannot satisfy Strickland's prejudice prong as he cannot establish any error by trial counsel would have resulted in a different outcome. Stated differently, defendant cannot establish that counsel's deficient performance, as alleged in Point I.C resulted in any prejudice to his defense. Here, the evidence against defendant, including the wiretapped phone calls, text messages, the testimony of four former co-defendants, and corroborating evidence from law enforcement, overwhelmingly weighed in favor of a conviction as to the charges in the indictment.

### III.

In Point I.D, defendant argues appellate counsel erred by failing to raise the issue of trial counsel's fitness to represent him. Specifically, defendant contends that appellate counsel should have challenged the trial court's denial

A-3279-23

of trial counsel motion to be relieved from representation due to counsel's physical and mental health concerns. The State disputes defendant's contention the PCR court failed to address the issue of trial counsel's fitness, noting that defendant originally raised the matter in the context of claiming trial counsel was ineffective, not appellate counsel. The State emphasizes that defendant did not allege appellate counsel was ineffective for failing to challenge the trial court's denial of the motion to withdraw and suggests that defendant is now re-characterizing his prior argument as a claim of ineffective appellate counsel on appeal.

The record shows that, shortly before trial, trial counsel sought to withdraw, stating he was suffering from depression and taking prescribed medication that caused significant side effects, which impacted his ability to adequately defend his client. Despite these representations, the trial court denied counsel's motion, noting that no medical proof of incapacity was provided, counsel had competently appeared throughout the case, and the request was made too close to trial.

In Point I.E, defendant further contends trial counsel was ineffective for failing to retain an expert witness to testify about the coded languages of Supreme Alphabet and Supreme Mathematics. Defendant asserts Detective

Long's testimony was the "principal evidence" against the defendant, so it was "incumbent upon trial counsel to prepare to rebut this testimony with a defense expert on the coded language at issue."

Rule 1:7-4(a) provides that "[t]he court shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon . . . on every motion decided by a written order that is appealable as of right." "Naked conclusions do not satisfy the purpose of [Rule] 1:7-4. Rather, the trial court must state clearly its factual findings and correlate them with the relevant legal conclusions." Curtis v. Finneran, 83 N.J. 563, 570 (1980). "Meaningful appellate review is inhibited unless the judge sets forth the reasons for his or her opinion." Strahan v. Strahan, 402 N.J. Super. 298, 310 (App. Div. 2008) (quoting Salch v. Salch, 240 N.J. Super. 441, 443 (App. Div. 1990)).

As noted, defendant contends his appellate counsel was ineffective for failing to raise the issue of trial counsel's fitness. He also contends trial counsel was ineffective for failing to retain an expert witness on the coded languages to rebut the State's expert testimony. The PCR judge, however, did not address these claims. As such, we are convinced a remand is necessary for the PCR court to address these arguments in the first instance under the two-part

14

<u>Strickland</u> test and issue appropriate <u>Rule</u> 1:7-4 findings.  The PCR court should also address the need for an evidentiary hearing with regard to these claims.

Affirmed in part and remanded in part.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-3279-23