**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3357-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MALIK I. MAYBERRY,
a/k/a LIK MAYBERRY,

    Defendant-Appellant.

_____

Submitted October 20, 2025 – Decided November 5, 2025

Before Judges Sabatino and Walcott-Henderson.

On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Indictment No. 17-10-1096.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the briefs).

LaChia L. Bradshaw, Burlington County Prosecutor, attorney for respondent (Nicole Handy, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Malik I. Mayberry appeals from a May 2, 2024 order denying, without an evidentiary hearing, his petition for post-conviction relief ("PCR") based on ineffective assistance of counsel during plea negotiations. Defendant claims the PCR court erred in denying his request for an evidentiary hearing to illuminate his prima facie case for ineffective assistance of counsel. He further claims plea counsel provided ineffective assistance by: (1) misleading him during plea negotiations, causing him to plead guilty when he would have otherwise proceeded to trial; (2) inaccurately conveyed his mother's approval of the plea agreement, which he would not have accepted had he known his mother opposed. Additionally, defendant claims the PCR court improperly concluded, without a hearing, that there was no evidence of substandard representation or deficiency by counsel under the Strickland v. Washington, 466 U.S. 668 (1984) standard. We affirm.

I.

In May 2017 defendant shot Benjamin C. Parciael in the ear while Parciael was parking his bicycle in Pemberton Township. Parciael suffered a non-fatal laceration as a result of the gun shot. Defendant was identified as the shooter by Damier Smith, an eyewitness and co-conspirator to the shooting. Smith told

A-3357-23

investigating officers he and defendant attempted to shoot Parciael, but his own firearm jammed.

Within months, Smith and defendant were charged and later indicted on charges of first-degree criminal attempt to commit murder, N.J.S.A. 2C:5-1(a)(3) and 2C:11-3(a)(1); second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-4(a)(1); and second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b)(1).

Represented by counsel, defendant negotiated a plea agreement where he agreed to plead guilty to an amended charge of second-degree aggravated assault, N.J.S. 2C:12-1(b)(1), and second-degree possession of a firearm for an unlawful purpose, N.J.S. 2C:39-4(a)(1). At the plea hearing, as the prosecutor outlined the plea agreement, defense counsel requested a brief recess (which counsel described as "two minutes of white noise") to consult with defendant, referencing that "his family supports accepting the deal" and indicating counsel would consider defendant's wishes.

Following recess, defendant accepted the plea and testified he attempted to cause serious bodily injury to Parciael while in possession of a firearm for which he did not have a permit and which he did not purchase lawfully. The State dismissed the unlawful possession charge, recommended a ten-year prison

3

term subject to No Early Release Act ("NERA"), N.J.S.A. 2C:43-7.2, and three years of parole ineligibility to run concurrent to another sentence for an unrelated crime. During the plea colloquy, defendant conveyed to the court his understanding and acceptance of the plea agreement, expressed satisfaction with counsel, and did not raise any concerns about his mother's position.

Prior to sentencing, however, defendant moved to withdraw his guilty plea, arguing that he was misinformed about the maximum exposure for attempted murder. On March 19, 2019, the court denied defendant's motion pursuant to the factors set forth in State v. Slater, 198 N.J. 145 (2009), finding that "the plea was made knowingly, intelligently and voluntarily and there was an adequate factual basis. The defendant understood the limits of his exposure based on the plea colloquy."

On April 18, 2019, the court sentenced defendant to ten years incarceration for count one, in accordance with the terms of the plea agreement, subject to the NERA to run concurrent and not coterminous, and ten years for count two, to run consecutively to count one with a forty-two-month parole disqualifier under NERA.

Defendant then appealed in May 2019, asserting the court erred in denying his motion to withdraw the plea, and that he was ill-informed about the scope of

the sentence, emphasizing his eligibility under the Slater factors. We affirmed the conviction but remanded for consideration of merging counts one and two.[1] On November 20, 2020, the trial court merged counts one and two as ordered on remand. Defendant was resentenced on that date to an aggregate ten-year term of incarceration after merging both counts of aggravated assault, pursuant to NERA, concurrent (but not coterminous) to a different sentence defendant was already serving for an unrelated crime.

Defendant filed a timely PCR petition, arguing counsel rendered ineffective assistance because, during the break before his guilty plea, counsel allegedly told him that his family approved of the plea when, in fact, they did not. It is defendant's claim that this misstatement by counsel caused him to plead guilty when he otherwise would have gone to trial. In support, defendant submitted a certification from his mother wherein she swore that she told counsel that she did not support the plea agreement, stating she would "never support [defendant] taking twenty years for something that he did not do."

On June 2, 2022, defendant filed a self-represented PCR petition, initially arguing his attorney failed to advise him of appellate rights after a guilty plea. After retaining counsel, on December 19, 2023, he amended his petition to

---

[1] State v. Mayberry, Docket No. A-4145-18 (App. Div. Mar. 9, 2020).

A-3357-23

include claims that counsel was ineffective counsel for allegedly misrepresenting his mother's wishes regarding the plea, and the misinformation caused him to plead guilty contrary to his desire to proceed to trial.

Following oral argument, the PCR court denied the petition, concluding that "[t]here was nothing before the [c]ourt that would demonstrate that plea counsel provided substandard representation." Defendant appealed, arguing the following point for our consideration:

> POINT I
>
> MR. MAYBERRY IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY MISLEADING HIM DURING PLEA NEGOTIATIONS, CAUSING HIM TO PLEAD GUILTY WHEN HE OTHERWISE WOULD HAVE PROCEEDED TO TRIAL.

II.

We review the legal conclusions of a PCR court de novo. State v. Harris, 181 N.J. 391, 419 (2004). The de novo standard of review also applies to mixed questions of fact and law. Id. at 420. We may "conduct a de novo review" of the court's "factual findings and legal conclusions" where the PCR court has not conducted an evidentiary hearing. Id. at 421; see also State v. Lawrence, 463 N.J. Super. 518, 522 (App. Div. 2020). The PCR court's decision to proceed

without an evidentiary hearing is reviewed for an abuse of discretion. State v. Vanness, 474 N.J. Super. 609, 623 (App. Div. 2023) (citing State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013)).

When petitioning for PCR, a defendant must establish entitlement to "PCR by a preponderance of the evidence," meaning that it is rooted in a cognizable claim. Id., 474 N.J. Super. at 624 (quoting State v. O'Donnell, 435 N.J. Super. 351, 370 (App. Div. 2014)). "A PCR petition is cognizable if it is based upon a '[s]ubstantial denial in the conviction proceedings of defendant's rights under the Constitution of the United States or the Constitution or laws of the State of New Jersey.'" State v. Gideon, 244 N.J. 538, 549 (2021) (quoting R. 3:22-2(a)). "The court shall not bar a defendant's claim in a first PCR proceeding if it 'would result in fundamental injustice.'" State v. Rose, 458 N.J. Super. 610, 625 (App. Div. 2019) (quoting R. 3:22-4(a)(2)). The court also shall not bar a defendant's first PCR claim where "the ground for relief not previously[-]asserted could not reasonably have been raised in any prior proceeding." State v. Reevey, 417 N.J. Super. 134, 147 (App. Div. 2010) (quoting R. 3:22-4(a)(1)).

In our analysis of an order denying a PCR petition asserting ineffective assistance of counsel, we apply the two-part constitutional standard established in Strickland, 466 U.S. at 687, to determine whether a defendant has been

deprived of the effective assistance of counsel. To satisfy the standard's first prong, a petitioner must show counsel's performance was deficient by demonstrating counsel's handling of the matter "fell below an objective standard of reasonableness" and that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed [to] the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687-88.

Under the "second, and far more difficult prong[]" of the Strickland standard, Gideon, 244 N.J. at 550 (quoting State v. Preciose, 129 N.J. 451, 463 (1992)), a defendant "must show that the deficient performance prejudiced the defense[,]" State v. O'Neil, 219 N.J. 598, 611 (2014) (quoting Strickland, 466 U.S. at 687). That is, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Gideon, 244 N.J. at 550-51 (alteration in original) (quoting Strickland, 466 U.S. at 694). Proof of prejudice under Strickland's second prong "is an exacting standard." Id. at 551 (quoting State v. Allegro, 193 N.J. 352, 367 (2008)). A defendant seeking PCR "must affirmatively prove prejudice" to satisfy the second prong of the Strickland standard. Ibid. (quoting Strickland, 466 U.S. at 693). With respect

to showing prejudice under the Strickland analysis after entering a guilty plea, "a defendant must prove 'that there is a reasonable probability that, but for counsel's errors, [he or she] would not have pled guilty and would have insisted on going to trial.'"  State v. Gaitan, 209 N.J. 339, 351 (2012) (citing State v. Nunez-Valdez, 200 N.J. 129, 139 (2009)).

To prevail on a claim of ineffective assistance of counsel, a defendant must establish both prongs of the Strickland standard.  466 U.S. at 687; see also State v. Nash, 212 N.J. 518, 542 (2013).  A failure to satisfy either prong requires the denial of a PCR petition founded on an ineffective assistance of counsel claim.  Strickland, 466 U.S. at 700.  "With respect to both prongs of the Strickland test, a defendant asserting ineffective assistance of counsel on PCR bears the burden of proving his or her right to relief by a preponderance of the evidence."  Gaitan, 209 N.J. at 350 (citations omitted).

Defendant's central argument is that plea counsel provided ineffective assistance by misadvising him during plea negotiations of his mother's support for the plea agreement, which was incorrect.  He further asserts that had he been correctly informed that his mother did not support the plea, he would have rejected the plea agreement and proceeded to trial.  And, he also maintains that he has made out a prima facie case of ineffective assistance of counsel, and

9

because his claim "is dependent on evidence outside of the record—namely, his conversation with trial counsel before his plea. . . . the trial court should have held an evidentiary hearing on his ineffectiveness claim."

We reject defendant's claim the PCR court erred in denying his PCR petition based on his claims of ineffective assistance of counsel, related to counsel's alleged misrepresentations to defendant's mother or defendant. Defendant's bald assertions are insufficient to establish a prima facie case of ineffective assistance. See State v. Porter, 216 N.J. 343, 355 (2013) ("to establish a prima facie claim, a petitioner must do more than make bald assertions that he was denied the effective assistance of counsel") (quoting State v. Cummins, 321 N.J. Super. 154, 170 (App. Div. 1999)).

To the extent defendant's argument is that the court erred by not granting him an evidentiary hearing for the purpose of supplementing or aiding in his claim he was entitled to withdraw his plea, the court's order must be affirmed. Evidentiary hearings are not for collecting evidence to sustain a claim of ineffective assistance, rather, a defendant is entitled to an evidentiary hearing if he can establish the two-part Strickland test and there are material issues that warrant a hearing. "[A] court is not obligated to conduct an evidentiary hearing to allow defendant to establish a prima facie case not contained within the

10

allegations in his PCR petition." State v. Bringhurst, 401 N.J. Super. 421, 436-37 (App. Div. 2008).

Here, defendant argues his mother was not in favor of the State's plea offer and that had he been so advised, he would have rejected the plea offer and opted for trial. He asserts this as the basis for his ineffective assistance of counsel claim. We are not persuaded, however, that defendant's mother's supposed unfavorable perception of the plea offer is a basis for a PCR claim of ineffective assistance of counsel. We reach this determination because counsel's duty was to defendant and there is no support for defendant's claim that plea counsel provided deficient representation by advising his mother of the plea agreement.

Because defendant pleaded guilty to amended and downgraded charges, to succeed on his claim, he must establish that he would not have accepted the plea and would have instead opted for trial on the original charges in the indictment. Based on this record, the concurrent ten-year term appears favorable given defendant's exposure to significantly more time had he been convicted at trial of the first and second-degree charges in the indictment. And, as the PCR court stated, "the gravamen of [defendant's] argument is the significant role his mother played in his decision making" but there is nothing to suggest defendant was not capable of making his own decision to knowingly and voluntarily waive

11

his right to a trial and accept the plea. In fact, the record shows defendant testified he understood the plea agreement, was satisfied with its terms, and knowingly made the decision to accept it. Under these circumstances, defendant fails to establish his rejection of the plea agreement would have been rational. O'Donnell, 435 N.J. at 371.

Again, in reviewing the plea agreement, defendant also fails to satisfy the prejudice prong of the Strickland analysis. Strickland requires a defendant to establish both prongs, including prejudice, which is an "exacting standard." Gideon, 244 N.J. at 561. Even if defendant had established plea counsel's performance was deficient under Strickland's first prong, we are satisfied he did not demonstrate counsel's performance resulted in any prejudice to him particularly given his favorable plea deal and ultimate sentence.

To the extent we have not expressly addressed any of defendant's remaining arguments, it is because they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-3357-23